NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0561n.06

No. 12-3878

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 10, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DEMETRIUS WILLIAMS, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  BATCHELDER, Chief Judge; SUHRHEINRICH and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Demetrius Williams's first trip to our court resulted in a limited remand and a resentencing hearing on one of his two counts of conviction.  At that hearing, Williams asked the district judge for the same sentence he had obtained before on the one count at issue.  The judge obliged.  Williams now claims that the judge should have *sua sponte* revisited and lowered his sentence on the other count.  Because our limited remand gave the district judge no authority over that half of Williams's sentence, we affirm.

Williams sold crack cocaine to an undercover police officer and, as he fled, attempted to discard a handgun.  After being indicted, he filed a motion to suppress all of the evidence against him.  When the court denied the motion, Williams entered into a conditional plea agreement, pleading guilty to (1) possession of a firearm in furtherance of a drug crime and (2) possession with

intent to distribute crack cocaine, all the while reserving the right to appeal the denial of his suppression motion. The district court sentenced Williams to 120 months of imprisonment—60 months on each count.

Williams appealed the denial of his motion to suppress. In its brief on appeal, the government notified this court that the judgment and plea agreement incorrectly stated the elements of the firearm offense ("Count One") and that therefore, as to that count, Williams had not actually been convicted of a federal offense. We affirmed the denial of Williams's suppression motion, vacated Williams's conviction as to Count One and remanded the case for further proceedings. *United States v. Williams*, 475 F. App'x 36, 41 (6th Cir. 2012).

On remand, Williams again entered a guilty plea as to Count One. During the resentencing hearing, the district court asked Williams's counsel what he thought would be a "fair and appropriate sentence." R.109 at 23. Williams's attorney noted that Williams's original sentence on Count One had been the statutory minimum and asked the judge to resentence him for the same length of time. The court did so. The court did not revisit Williams's sentence for the cocaine charge ("Count Two"), and Williams's counsel made no arguments related to that sentence. Williams now argues that the district court should have revisited his sentence for Count Two and, in so doing, should have considered his rehabilitation while in prison, along with the new mandatory minimum for his crack cocaine conviction under the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372.

At the conclusion of Williams's first trip to our court, we "vacate[d] Count One of the district

court judgment and remand[ed] for further proceedings." *Williams*, 375 F. App'x at 41. When an appeals court issues a remand order that is limited by its terms to a discrete issue, the "district court's authority is constrained 'to the issue or issues remanded.'" *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004) (quoting *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997)). The limited mandate in this case thus allowed the district court to reconsider one, and only one, of Williams's sentences: his sentence for Count One. *See United States v. Hunter*, 646 F.3d 372, 375–76 (6th Cir. 2011).

At the resentencing hearing, Williams's counsel confirmed this understanding of the scope of our previous remand, saying, "And I would just note that the Sixth Circuit vacated only Count One, and the Guidelines recommend a sentence of 60 months on Count One." R.109 at 17. Williams's counsel did not ask the district court to revisit Williams's sentence for Count Two and in fact asked the court only to "reimpose the original sentence on Count One." *Id.* at 23.

To obtain relief in this setting, Williams must show plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). Yet the three cases he invokes do not establish error, much less the kind of error necessary to meet the demands of Criminal Rule 52. The first, *Pepper v. United States*, 131 S. Ct. 1229 (2011), discusses a district court's authority to consider a defendant's postsentencing rehabilitation at a resentencing hearing. It does not, however, empower a district court to exceed the scope of a limited remand. *Pepper* might be read to clarify the district court's authority in resentencing Williams for Count One, but it says nothing about the court's jurisdiction over Count Two.

The second, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), is further removed from this case. *Dorsey* tells district court judges to apply revised mandatory minimum sentences in cases in which the offender had not yet been sentenced as of the Fair Sentencing Act's effective date. It does not apply to someone, like Williams, who was "originally sentenced before its effective date." *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013); *see also United States v. Stanley*, 500 F. App'x 407, 410–11 (6th Cir. 2012).

Last and least is *Pasquarille v. United States*, 130 F.3d 1220, 1221 (6th Cir. 1997), which arose from a motion to vacate. The defendant moved to vacate one of his convictions, and the district court revisited his sentence on the count he moved to vacate and his sentence on another count. A district court's authority to respond to a § 2255 motion to vacate has nothing to do with its authority to respond to a limited remand.

For these reasons, we affirm.