**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

DANNY DENNIS SUNDAY,

       Defendant-Appellant.

No. 01-5218
(D.C. No. 00-CR-78-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Defendant Danny Dennis Sunday appeals the district court's denial of motions by both defendant and the government seeking reconsideration of the court's earlier refusal to grant defendant a downward departure for his substantial assistance in prosecuting other offenders. *See* United States Sentencing Commission, *Guidelines Manual* (USSG), §5K1.1. We affirm.

On August 10, 2000, defendant pled guilty to two counts of improperly disposing of hazardous waste, pursuant to a plea agreement in which the government agreed to request a three-level downward departure based on defendant's substantial assistance. At the sentencing hearing on November 13, 2000, the government moved for the downward departure. The district court denied the motion, ruling that defendant had done nothing more than take responsibility for his acts. The court noted that no prosecutions had been brought based on defendant's information, and emphasized that it considered defendant's conduct "totally reprehensible." Aplee. Br., doc. 4 at 11. The court held open the possibility of a future reduction, however, stating:

> Now, I understand that there are other provisions, and perhaps under Rule 35(b) that (sic) the government does go forward and indicts someone else in this case and does require [defendant's] help or the fact that he is willing to testify ends up in something being done, but . . . . I'd rather be at that point and considering what [defendant] actually did than kind of decide now what he did may or may not be helpful down the road.

*Id.* at 8-9. The court sentenced defendant to concurrent sixteen-month sentences, followed by three years of supervised release. The court also delayed defendant's report date by three months to permit the government to pursue prosecutions based on defendant's information.

On October 24, 2001, defendant filed a motion to reconsider the court's ruling, seeking a downward departure based on the recent convictions of two additional defendants. The district court denied the motion on November 21, 2001, ruling that a downward departure motion could be filed only by the government. On November 30, 2001, the government filed a "superseding motion" for a downward departure based on defendant's substantial assistance. The district court denied the motion on the ground that it was filed more than a year after sentencing and thus was untimely under Federal Rule of Criminal Procedure 35(b). Defendant appeals.

Before we may proceed to the merits of defendant's appeal, we must examine our jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (noting court's duty to examine its own jurisdiction and holding that this determination must be made before any consideration of the merits of a case). Because defendant has completed his sentence of incarceration and is currently on supervised release, we ordered the parties to brief the issue of

whether his appeal is moot. For the following reasons, we conclude that we have jurisdiction over defendant's appeal.

A case becomes moot if, at any time during judicial proceedings, there is no longer a live controversy or the parties lack a legally cognizable interest in the outcome. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case does not become moot, however, when collateral consequences will flow from the challenged action. *Id.* In criminal cases, when a defendant who has served his sentence challenges a decision other than his conviction, he must show that the decision continues to have a significant impact that may be remedied by a decision of this court. *See id.* at 12-14; *United States v. Meyers*, 200 F.3d 715, 718-19 (10th Cir. 2000). Further, the potential of an increased sentence for some future offense is insufficient to defeat mootness. *See Spencer*, 523 U.S. at 13-15; *Meyers*, 200 F.3d at 721-22.

Here, although defendant has completed his sentence of incarceration, a decision in his favor could still affect the length of his supervised release. *See* USSG § 5D1.1 (linking the imposition of supervised release to the length of a defendant's sentence). Because defendant's uncompleted term of supervised release might be shortened if the district court were to grant the requested three-level downward departure under § 5K1.1, sufficient collateral consequences flow from its rulings to avoid a finding of mootness.

Defendant challenges the district court's denial of the motions for reconsideration filed by defendant and the government. He argues that the court committed legal error in ruling that it could not entertain defendant's motion because it was not made by the government, and in ruling that the government's motion was an untimely motion under Rule 35(b). We review *de novo* the district court's legal rulings regarding its authority to modify a sentence. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

A district court has no "inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted); *Blackwell*, 81 F.3d at 949. Limited authority to modify a sentence is provided by 18 U.S.C. § 3582(c), and by Rule 35. Defendant does not argue that his motion satisfied the requirements of either § 3582(c) or Rule 35.

Defendant argues instead that because the district court originally had the authority to depart downward at sentencing, his motion was simply a request for reconsideration of its refusal to do so, which could be made by any party. This cannot be the rule, however, because if defendants could request reconsideration of their sentences at any time, there would be no reason for the grants of authority in § 3582(c) and Rule 35. To the contrary, the district court's authority to modify a previously imposed sentence is restricted to a few, carefully delineated

situations. Although one of these situations is when a defendant has provided substantial assistance after sentencing, the plain language of Rule 35(b) requires that the motion be made by the government. We have held that this rule does not authorize the court to reduce a sentence on a defendant's motion. *Blackwell*, 81 F.3d at 948. The district court did not err, therefore, in denying defendant's motion for reconsideration.

For the same reason, the government's motion cannot be viewed as a free-floating motion for reconsideration, but instead must fit into one of the limited categories authorized by the statute and procedural rule. Again, the plain language of the rule required the government to make its motion *within one year of sentencing* unless defendant's substantial assistance involved evidence that he did not know until a year or more after sentencing. *See id.* Further, the district court was without power to enlarge the time allowed for filing a motion under Rule 35. *See* Fed. R. Crim. P. 45(b)(2). Because the strict dictates of Rule 35 cannot be evaded by styling the motion as one for reconsideration, the district court did not commit legal error by ruling that the government's motion was untimely.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge