# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2012

No. 11-51251
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PHILIP BRAZIL STONE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-219-2

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Philip Brazil Stone, federal prisoner # 56374-180, seeks leave to proceed in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, which sought a sentence reduction pursuant to the recent amendments to the Sentencing Guidelines that govern crack cocaine offenses. Stone was convicted in 2006 following a guilty plea of possession with intent to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and of possession of a firearm during the commission of a drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  He was sentenced to the statutory minimum term of imprisonment of 120 months for his conviction for possession with intent to distribute at least 50 grams of crack cocaine.  *See* § 841(b)(1)(A)(iii) (2006).  By moving to proceed IFP, Stone challenges the district court's certification that the appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). A sentence reduction is not authorized if the amendments to the Guidelines "do[] not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, p.s., comment. (n.1(A)).

A mandatory minimum statutory penalty overrides the retroactive application of a new Guideline.  *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994).  Stone's sentence of 120 months of imprisonment was statutorily mandated, and, thus, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  § 3582(c)(2); *see Pardue*, 36 F.3d at 431.  Stone's suggestion that his sentence should be reduced under the Fair Sentencing Act (FSA) is without merit.  *Cf. Dorsey v. United States*, __S. Ct. __, Nos. 11-5683 & 11-5721, 2012 WL 2344463, at *14 (June 21, 2012) ("[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced.").

No. 11-51251

Because Stone was not eligible for a sentence reduction, he cannot show that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Dillon v. United States,* 130 S. Ct. 2683, 2691 (2010); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His request for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.