NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1105
_____

UNITED STATES OF AMERICA

v.

STEVEN L. BELL, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 09-cr-00310-001
(Honorable Berle M. Schiller)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2012

Before:  SCIRICA, ROTH and BARRY, *Circuit Judges*.

(Filed: October 2, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Steven L. Bell, Jr. pleaded guilty to possession of cocaine base and a firearm and

was sentenced on January 11, 2010 to 165 months' imprisonment. After the Fair

Sentencing Act of 2010 (FSA) lowered the mandatory minimum sentences for cocaine

base offenses, and the Sentencing Commission reduced the offense levels applicable to

these offenses, Bell filed a motion for reduction in sentence seeking the benefit of both reductions. The District Court reduced Bell's sentence based on the amended Guidelines but concluded the pre-FSA mandatory minimum sentence still applied. Bell argues the court erred by not retroactively applying the FSA's more lenient mandatory minimum provisions when considering his sentence reduction. We will affirm.

I

Philadelphia police officers recovered 10.04 grams of cocaine base and a loaded handgun from Bell after a high-speed chase ended in a crash on April 7, 2009. On September 30, 2009, Bell pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (count one); possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count three).

At the time of Bell's sentencing, count one carried a mandatory minimum penalty of sixty months' imprisonment. Count two carried a mandatory minimum penalty of sixty months' imprisonment, to run consecutively to any other sentence imposed. Based on an adjusted offense level of twenty-three and a criminal history category of V, the Presentence Investigation Report determined Bell's guideline range to be 84 to 105 months' imprisonment on counts one and three.[1]  Together with the mandatory sixty-

---

[1] Counts one and three grouped as closely related counts, under U.S. SENTENCING GUIDELINES MANUAL § 3D1.2(b) (2011).

month consecutive term on count two, Bell's effective guideline range was 144 to 165 months and the court sentenced Bell to a total of 165 months' imprisonment.

On August 3, 2010, nearly seven months after Bell's sentencing, the FSA became law. Pertinent to Bell's appeal, the FSA raised the amount of cocaine base required to trigger the 60-month mandatory minimum penalty from five to 28 grams, and authorized the Sentencing Commission to amend the Guidelines to reduce the sentencing disparity between powder cocaine and cocaine base violations. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 21 & 28 U.S.C.). The new amendments went into effect on November 1, 2010, and on June 30, 2011, the Commission decided the amended Guidelines would apply retroactively.

Thereafter, Bell filed a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a sentence if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The parties agreed Bell was entitled to a reduction in sentence, as the amended Guidelines reduced his adjusted offense level from 23 to 17. An offense level of 17, when coupled with Bell's criminal history category of V, produces a range of 46 to 57 months' imprisonment, and Bell urged the District Court to reduce his sentence on counts one and three to a term of imprisonment within that range. The Government, however, argued the pre-FSA mandatory minimum of 60 months on count one continued to apply, and thus contended the applicable Guideline range for counts one and three was 60

3

months.[2] Bell argued the FSA's more lenient provisions should apply and thus he should be subject to no mandatory minimum.

The District Court agreed with the Government and concluded Bell's Guideline range for counts one and three was 60 months. Accordingly, the District Court reduced Bell's sentence on counts one and three to 60 months, for a total sentence of 120 months, as the mandatory minimum of 60 months on count two remained unchanged. Bell filed a timely notice of appeal, contending the District Court erred by failing to apply the more lenient mandatory minimum provisions of the FSA when considering his § 3582(c)(2) motion for reduction in sentence.[3]

II

The FSA's mandatory minimum provisions do not apply to defendants sentenced before its enactment. *United States v. Reevey*, 631 F.3d 110, 111 (3d Cir. 2010). In *Reevey*, the defendants pleaded guilty to possession of cocaine base and were sentenced to the sixty-month mandatory minimum penalty. *Id.* at 111–12. The FSA became law during the pendency of their appeals and the defendants argued that the more lenient provisions of the FSA should apply. *Id.* at 113-14. We disagreed and held the FSA's mandatory minimum provisions do not apply to defendants sentenced before the enactment of the FSA. *Id.* at 115.

---

[2] "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(b) (2011).
[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

Bell committed his crimes and was sentenced before the enactment of the FSA. The reduction of his sentence under 18 U.S.C. § 3582(c)(2) does not constitute a sentencing or resentencing. *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010). Thus, Bell, as a defendant sentenced before the enactment of the FSA, falls squarely within the rule set forth in *Reevey*.

Bell, however, contends that *Reevey* does not apply to his case. He argues the logic of our decision in *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011), requires the FSA's mandatory minimum provisions to apply. In *Dixon*, we were presented with the question of which mandatory minimum provision to apply – pre-FSA or FSA – to a defendant who committed his crime before the FSA's enactment, but who was sentenced afterwards. *Id.* at 196. Looking to the FSA's text, we noted Congress's urgency in directing the Sentencing Commission to amend the Guidelines to achieve consistency with the FSA's new mandatory minimums. *Id.* at 201–02. We reasoned there would be no urgent need to amend the Guidelines unless Congress intended for the new mandatory minimum provisions to have immediate effect. *Id.* Accordingly, we held the FSA's mandatory minimum provisions applied to all defendants sentenced after its enactment, regardless of when the offense conduct occurred. *Id.* at 203.

Bell argues the logic of *Dixon* – that Congress intended to achieve consistency in the application of the FSA's mandatory minimum and the amended Guidelines – requires the FSA's mandatory minimum provisions to apply anytime the amended Guidelines entitle the defendant to a reduction in sentence. But Bell has misread our decision in *Dixon*. In *Dixon*, we only considered whether the FSA should apply to defendants who

were sentenced after the FSA's enactment. Accordingly, we conclude the District Court

did not err by applying the pre-FSA's mandatory minimum provisions.[4]

### III

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

[4] During the pendency of this appeal, the Supreme Court held, as we did in *Dixon*, the FSA applies to all defendants sentenced after its enactment. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). As with *Dixon*, the rationale of *Dorsey* does not dictate the result sought by Bell.