FILED
United States Court of Appeals
Tenth Circuit

February 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

DARREN ONLEE SNOW,

      Defendant–Appellant.

No. 12-4160
(D.C. No. 2:12-CV-00753-TC and 2:09-
CR-00198-TC-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.


Darren Onlee Snow, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion

to vacate, set aside, or correct his sentence. We deny a COA and dismiss the appeal.

**I**

In 2009, Snow pled guilty to possession with intent to distribute crack cocaine and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm in furtherance of a drug trafficking offense. On December 3, 2009, he was sentenced to 120 months' imprisonment for the first offense and 60 months' imprisonment for the second, to run consecutively.

On July 8, 2011, the government moved to modify or reduce Snow's sentence pursuant to Federal Rule of Criminal Procedure 35(b). The motion was granted on August 2, 2011, and the district court reduced Snow's sentence for the first offense to 84 months.

On July 30, 2012, Snow filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. His motion argued for retroactive application of the Fair Sentencing Act ("FSA") of 2010, and alleged that the district court failed to consider the 18 U.S.C. § 3553(a) factors when it reduced his sentence. The district court denied Snow's motion on August 16, 2012. Snow timely appealed.

## II

A petitioner must first obtain a COA to appeal the denial of a § 2255 petition. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

## A

Taking effect on August 3, 2010, the Fair Sentencing Act of 2010 reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Sentencing Commission then promulgated emergency Guidelines amendments implementing the FSA's crack cocaine revisions, which became effective on November 1, 2010. Notice of a Temporary, Emergency Amendment to Sentencing Guidelines and Commentary, 75 Fed. Reg. 66,188 (Oct. 27, 2010). A permanent version of those Guidelines amendments took effect on November 1, 2011. Notice of (1) Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2011; and (2) Request for Comment, 76 Fed. Reg. 24,960 (May 3, 2011).

On June 21, 2012, the Supreme Court decided whether the FSA's more lenient penalty provisions apply to offenders who committed a crack-cocaine offense before August 3, 2010, but who were not sentenced until after that date. See Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). The Court held in the affirmative, specifying that the more lenient penalties of the FSA, which reduced the crack-to-powder cocaine disparity, applied to those offenders whose crimes preceded the effective date of the FSA, but who were sentenced after that date. Id. at 2335-36.

Snow's original sentencing took place on December 3, 2009, before August 3, 2010. Thus Dorsey's exception cannot apply to his original sentencing. The only question before us then is whether his sentence reduction on August 2, 2011 qualifies as a

post-FSA sentencing as contemplated in Dorsey. Snow argues that the district court's failure to apply Dorsey in considering his § 2255 motion "violated [Snow's] Fifth and Sixth Amendment rights to due-process and impartial application of the law."

We disagree. The exception outlined in Dorsey applies to post-FSA sentences rather than post-FSA sentence reductions. See United States v. Robinson, 697 F.3d 443, 445 (7th Cir. 2012) (Dorsey "carefully confined its application of the Fair Sentencing Act to pre-Act offenders who were sentenced after the Act"); see also United States v. Wormley, 471 F. App'x 837, 838-39 (10th Cir. 2012) (unpublished) (Dorsey "stands for the narrow proposition that the lower mandatory minimum provisions in the FSA apply to defendants who committed their offense before the effective date but were sentenced after the FSA took effect"). For example, we have repeatedly held that the FSA does not apply retroactively to defendants sentenced before its August 3, 2010 effective date when considering 18 U.S.C. § 3582(c)(2) motions for sentence reductions. See United States v. Cornelius, 696 F.3d 1307, 1328 (10th Cir. 2012); United States v. Osborn, 679 F.3d 1193, 1195 n.1 (10th Cir. 2012).

Snow's sentence was reduced pursuant to Federal Rule of Criminal Procedure 35(b), which allows a district court to reduce a sentence for the defendant's substantial assistance to the government. In Dillon v. United States, 130 S. Ct. 2683 (2010), the Supreme Court provided guidance on the scope of "sentencing" in implicating a defendant's rights, clarifying that motions for the correction or reduction of a sentence under Rule 35 or 18 U.S.C. § 3582(c) do not constitute a "sentencing." Id. at 2692

-4-

("[T]he proceedings authorized by § 3582(c)(2) and Rule 35 [are set] apart from other sentencing proceedings."); see also United States v. Sunday, 66 F. App'x 167, 170 (10th Cir. 2003) (unpublished) ("Limited authority to modify a sentence is provided by 18 U.S.C. § 3582(c), and by Rule 35."); accord United States v. Bell, 2012 WL 4503198 at *2 (3rd Cir. Oct. 2, 2012) ("The reduction of [a] sentence under 18 U.S.C. § 3582(c)(2) does not constitute a sentencing or resentencing."). The fact that Snow received a reduced sentence through the government's 35(b) motion after the effective date of the FSA does not make him eligible for a further reduction based on Dorsey. Because Snow was sentenced prior to August 3, 2010, Dorsey does not apply to his case. Thus, the district court properly denied his § 2255 motion.

**B**

Snow also argues the district court did not consider all 18 U.S.C. § 3553(a) factors when it reduced his sentence pursuant to the government's Rule 35(b) motion, and this lack of consideration violated Snow's Fifth and Sixth Amendment rights to due process and impartial sentencing. Snow argues that the court erred in considering "only the circumstances that prompted the court to grant [the] government's [Rule] 35(b) motion." According to Snow, the Supreme Court's decision in Pepper v. United States, 131 S. Ct. 1229 (2011), is dispositive of his case because of its instruction to courts, in Snow's words, "to consider all 18 U.S.C. § 3553 factors for an initial sentencing and any subsequent."

We see no error here. See United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201

(10th Cir. 2007) ("Section 3553(a) imposes on the district court a duty to 'consider' a variety of important sentencing considerations. But it nowhere imposes on the court a duty to address those factors on the record . . . ."). We are thus in substantial agreement with the reasoning of the district court in its denial of Snow's § 2255 motion and conclude that reasonable jurists could not debate its rulings. See Slack, 529 U.S. at 484.

### III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. We **GRANT** Snow's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge