# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-50616
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN DARNELL COBB, also known as Martin Cobb,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:97-CR-49-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Martin Darnell Cobb, federal prisoner # 78698-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines. By moving to proceed IFP, Cobb is challenging the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The district court recognized that Amendment 750 lowered Cobb's guidelines range to 188 to 235 months of imprisonment. However, the district court reasoned that a reduction to Cobb's sentence should not be awarded after his sentence had been reduced pursuant to Federal Rule of Criminal Procedure 35 and that Cobb's 300-month imprisonment term was appropriate considering the factors under 18 U.S.C. § 3553(a). The district court's factual findings are reviewed for clear error; its interpretation of the Guidelines is reviewed de novo; and its decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Cobb contends that the district court abused its discretion by denying his § 3582(c)(2) motion based in part on his receipt of a prior reduction pursuant to Rule 35. According to Cobb, the district court also failed to properly assess the § 3553(a) factors and to consider his favorable post-sentencing conduct. Cobb further contends, for the first time, that the denial of his instant § 3582(c)(2) motion violated his due process and equal protection rights because his case compared favorably to three other defendants convicted of crack cocaine offenses who were granted reduced sentences under § 3582(c)(2).

These arguments do not present a nonfrivolous issue for appeal. The district court was permitted to reduce Cobb's sentence but was not compelled to do so. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Its order reflects that it was aware of its authority to reduce Cobb's sentence even after the prior reduction in his sentence under Rule 35 but that it decided, based on a number of troubling facts unique to Cobb's case, that a further reduction was not warranted after consideration of the § 3553(a) factors. The district court's decision did not constitute an abuse of discretion. *See Evans*, 587 F.3d at 673 & n.11.

Cobb also argues that the district court violated *United States v. Booker*, 543 U.S. 220 (2005), and its progeny by relying on factual findings which were made pursuant to the preponderance of the evidence standard and which were based on the testimony of an unreliable witness.  This argument fails, as the principles of *Booker* and its progeny do not apply to § 3582(c)(2) proceedings. *See Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010).   Furthermore, § 3582(c)(2) proceedings are not full resentencings, and Cobb's attempt to relitigate the facts underlying his original sentencing exceeds the scope of a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

In his final argument, Cobb contends that his sentence should be reduced pursuant to U.S.S.G. § 5K2.0.  This argument also fails, as § 3582(c)(2) permits a sentence reduction only within the narrow bounds established in § 1B1.10 and does not authorize the application of § 5K2.0. *See* § 1B1.10(a)(3), (b)(1); *Dillon*, 130 S. Ct. at 2694.

Cobb has failed to demonstrate a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.