# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2013

Lyle W. Cayce
Clerk

No. 12-30936
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDREW D. KELLY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, DENNIS, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

In 2004, Andrew D. Kelly pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base (Count One) and possession of a firearm during a drug-trafficking offense (Count Two).  Following Amendment 706 to the United States Sentencing Guidelines, Kelly's sentence on Count One was reduced to 121 months in prison.  Kelly filed a motion to reduce pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels for crack cocaine offenses in conformity with the Fair Sentencing Act (FSA) of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The district court granted the motion and reduced Kelly's sentence from 121 months to 120 months after determining that it could not further reduce the

sentence due to the mandatory minimum in effect at the time of his original sentencing. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2004) (setting the 10-year mandatory minimum level for cocaine base at 50 grams).

Under the FSA, the new statutory minimum for the drug quantity originally attributed to Kelly (164.45 grams) would be 5 years. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (setting the 5-year mandatory minimum level for cocaine base at 28 grams), *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2010) (setting the 10-year mandatory minimum level for cocaine base at 280 grams). Kelly contends that he is entitled to benefit from all of the changes wrought by the FSA such that the district court erred in declining to reduce his sentence below the original mandatory minimum of 10 years.

Pursuant to § 3582(c)(2), a defendant's sentence may be modified if he was sentenced to "'a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission.'" *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (quoting § 3582(c)(2)). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). A reduction under § 3582(c)(2) is not authorized if an amendment does not lower the guideline range due to, for example, the operation of a statutory mandatory minimum sentence. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A).

We have previously held that where a defendant was subject to a 10-year mandatory minimum sentence, the district court is not authorized to grant a reduction below that minimum. *See United States v. Carter*, 595 F.3d 575, 581 (5th Cir. 2010). Kelly argues that our prior case law has been abrogated by *Dorsey v. United States*, 132 S. Ct. 2321 (2012). In *Dorsey*, the Court determined that a defendant who committed an offense prior to the effective date of the FSA but was sentenced after the effective date was entitled to the benefits of the FSA

for crimes to which it applies. *Id.* at 2335 ("[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced.").

Kelly argues that his most recent § 3582(c)(2) modification hearing was a "sentencing" that occurred after the effective date of the FSA, such that he is entitled to the benefit of *Dorsey*. We disagree. *Dorsey* expressly acknowledged that defendants who committed a crime addressed in the FSA but who were sentenced before the FSA's effective date will be subject to a different result than those who committed the same crime on the same date but were sentenced afterwards. *Id.* ("We consequently conclude that this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3[, 2010]) cannot make a critical difference."). The Sixth Circuit recently addressed a virtually identical factual scenario to that of Kelly and held: "[W]e . . . have confirmed, even in light of *Dorsey*, that the FSA is not retroactive to defendants like Hammond whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date." *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013). The Ninth Circuit also examined a virtually identical factual scenario and agreed "with [its] sister circuits" that had "rejected the argument that *Dorsey* requires retroactive application of the FSA's mandatory minimums to those sentenced before the Act's passage." *United States v. Augustine*, 712 F.3d 1290 (9th Cir. 2013) (collecting cases).[1]

Nothing in *Dorsey* purports to change Supreme Court and Fifth Circuit precedent that §3582(c)(2) hearings are not plenary re-sentencings. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010) (emphasizing limited nature of §3582(c)(2) proceedings); *United States v. Garcia*, 655 F.3d 426, 430-31 (5th Cir.

---

[1] Just like Kelly, in both *Hammond* and *Augustine*, the defendant had originally been sentenced before the FSA's enactment and received a reduction to the pre-FSA mandatory minimum of 120 months after the FSA's enactment. *Hammond*, 712 F.3d at 335; *Augustine*, 712 F.3d at 1292.

2011), *cert. denied*, 132 S. Ct. 1124 (2012) (same).  We thus join our sister circuits in declining to treat a § 3582(c)(2) modification hearing as the equivalent of an original sentencing hearing under *Dorsey*.  *See United States v. Meneweather*,  No. 12-31139, 2013 U.S. App. LEXIS 6280 (5th Cir. Mar. 28, 2013) (unpublished) (rejecting defendant's argument under *Dorsey* and holding that pre-FSA mandatory minimum applies); *United States v. Stone*, 473 F. App'x 393, 394 (5th Cir. 2012) (unpublished) (same); *accord United States v. Speed*, No. 12-3483, 2013 U.S. App. LEXIS 6109 (7th Cir. Mar. 26, 2013) (unpublished); *United States v. Pratt*, No. 12-3422, 2013 U.S. App. LEXIS 4753 (3d Cir. Mar. 8, 2013) (unpublished); *United States v. Snow*, No. 12-4160, 2013 U.S. App. LEXIS 2548, at \*4 (10th Cir. Feb. 6, 2013) (unpublished) ("The exception outlined in *Dorsey* applies to post-FSA sentences rather than post-FSA sentence reductions.");[2] *United States v. Berry*, 701 F.3d 374, 378 (11th Cir. 2012) ("The Supreme Court in *Dorsey* carefully confined its application of the FSA to pre-Act offenders who were sentenced after the Act's effective date.").

AFFIRMED.

---

[2] We cite these unpublished cases for their procedural similarity and persuasiveness.