# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50579
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN DARNELL COBB, also known as Martin Cobb,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:97-CR-49-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Martin Darnell Cobb, federal prisoner # 78698-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's June 2013 orders denying his motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). By moving to proceed IFP, Cobb is challenging the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50579

good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Cobb argues that the Fair Sentencing Act (FSA) should be entirely retroactive to those sentenced before its enactment, such as him, and that the failure to apply the FSA to him was racially discriminatory in violation of his equal protection and due process rights. He complains that his sentence exceeds what his statutory maximum would have been under the FSA. These arguments do not present a nonfrivolous issue for appeal. *See United States v. Kelly*, 716 F.3d 180, 181 (5th Cir.), *cert. denied*, 2013 WL 4206079 (Oct. 15, 2013) (No. 13-5815).

In his next argument, Cobb contends that the continued enhancement of his sentence pursuant to U.S.S.G. § 2D1.2 violates Amendment 591 to the Sentencing Guidelines. This argument is frivolous because Cobb's sentence did not involve the application of § 2D1.2.

Cobb also contends that the district court abused its discretion by failing to properly assess the 18 U.S.C. § 3553(a) factors and denying a reduction under § 3582(c)(2) based in part on his receipt of a prior reduction in his sentence pursuant to Federal Rule of Criminal Procedure 35. For the same reasons set forth in *United States v. Cobb*, 514 F. App'x 502, 503 (5th Cir. 2013), this argument does not present a nonfrivolous issue for appeal.

Lastly, Cobb asserts that the Government failed to file a notice under 21 U.S.C. § 851 regarding the enhancement of his sentence and that his sentence was imposed in violation of *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and their progeny because the drug quantity supporting his sentence was not submitted as a question to the jury and proven beyond a reasonable doubt. Section 3582(c)(2) proceedings are

not full resentencings, and Cobb's attempt to relitigate the facts underlying his original sentencing exceeds the scope of a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

The IFP motion and appellate brief filed by Cobb do not demonstrate a nonfrivolous issue for appeal. Accordingly, his IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Cobb is warned that frivolous, repetitive, or otherwise abusive filings in the future will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. He is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; SANCTION WARNING ISSUED.