# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTHUR HOSEA SALAZAR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-87-1

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arthur Hosea Salazar, Jr., is serving a 120-month sentence for possession with intent to distribute five grams or more of crack cocaine. The sentence was the mandatory minimum sentence, triggered by Salazar's 1992 conviction for cocaine possession. Salazar appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50130

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013). Amendment 750 of the Sentencing Guidelines lowered the base offense level for crack offenses in accordance with the Fair Sentencing Act of 2010. *Id.* at 180. However, because Salazar "was subject to a 10-year mandatory minimum sentence, the district court [was] not authorized to grant a reduction below that minimum." *Id.* at 181. Salazar's claim for a sentence reduction under § 3582 thus lacks arguable merit.

Salazar contends for the first time on appeal that his mandatory minimum sentence is unlawful in light of *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), which held that any fact that increases the mandatory minimum sentence must be found by a jury or admitted by the defendant. He argues that *Alleyne* overruled *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), which recognized that the fact of a prior conviction did not need to be proved to a jury in order to provide the ground for increasing a statutory sentence. We need not consider this wholly new contention because it was not raised in the district court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Nonetheless, we note that the Supreme Court in *Alleyne* declined to revisit *Almendarez-Torres*. *Alleyne*, 133 S. Ct. at 2160 n.1. The judgment is AFFIRMED.