# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

MARK HOLPER,

Defendant – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-142-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Mark Holper, federal prisoner # 05132-095, moves for leave to proceed in forma pauperis (IFP) in this appeal of the denial of his motion for reconsideration of the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentencing reduction. Holper argues that he was entitled to relief in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30201

(2013), because the district court made an impermissible judicial fact finding that he had obstructed justice in its application of the Sentencing Guidelines.

"Pursuant to § 3582(c)(2), a defendant's sentence may be modified if he was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission." *United States v. Kelly*, 716 F.3d 180, 181 (5th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 134 S. Ct. 439 (2013); *see also* § 3582(c)(2).  Because Holper's purported § 3582(c)(2) motion was not based on a sentencing range that was lowered by the Sentencing Commission, Holper has not demonstrated an entitlement to relief under § 3582(c)(2).  Further, the district court correctly determined that *Alleyne* is inapplicable to Holper's case because he was not sentenced based on a statutory minimum sentence.  *See United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014).

Holper has not demonstrated a nonfrivolous issue for appeal. Accordingly, his motions to proceed IFP on appeal and for summary affirmance are denied, and his appeal is dismissed as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

MOTIONS DENIED; APPEAL DISMISSED.