# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30659

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

MARK JACQUES,

Plaintiff-Appellant

v.

UNITED STATES SENTENCING COMMISSION; UNITED STATES CONGRESS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1216

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mark Jacques, federal prisoner # 75560-004, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Jacques, who was sentenced as a career offender to life imprisonment following a conviction for possession of crack cocaine, argued that the Fair Sentencing Act (FSA) should be retroactively applied to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants, like him, who were sentenced before the FSA's enactment and that the failure to apply the FSA violated his equal protection rights.

The district court concluded that a *Bivens* action was not the proper proceeding for contesting the length of a sentence and that Jacques was barred from recovering monetary damages for his allegedly unconstitutional imprisonment under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The district court denied Jacques's IFP motion and certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3).

By moving to proceed IFP on appeal, Jacques is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Jacques's claim regarding the FSA does not raise a nonfrivolous issue for appeal. *See United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013). Further, although Jacques cites *Heck*, he does not challenge the district court's determination that his claims for monetary damages are barred by *Heck*. Regardless, he has not shown that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Accordingly, because Jacques has not shown that his "appeal involves legal points arguable on their merits," *Howard*, 707 F.2d at 220, his IFP motion

No. 15-30659

is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of his complaint and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Jacques is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.