# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31050
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN LUTCHER, also known as Mel, also known as Big Mel,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-2

Before JONES, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Melvin Lutcher, federal prisoner # 21092-034, has moved for leave to proceed in forma pauperis (IFP) to appeal the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence for conspiracy to possess with the intent to distribute 50 grams or more of cocaine base. In doing so, Lutcher has challenged the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thus, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court determined that Amendment 782 to the Sentencing Guidelines lowered Lutcher's guidelines sentencing range but that Lutcher was ineligible for a further reduction of his 240-month sentence because he was subject to the 240-month statutory minimum under 21 U.S.C. § 841(b)(1)(A)(iii). Lutcher contends, however, that he is not subject to the 240-month statutory minimum under § 841(b)(1)(A). He argues that the district court's relevant conduct finding did not trigger the mandatory minimum because a fact that increases a minimum sentence, other than a fact of a prior conviction, must be found by a jury beyond a reasonable doubt. Implicit in his argument is a challenge to the jury's drug-quantity finding that the conspiracy involved 50 grams or more of cocaine base.

Under the version of § 841(b)(1)(A)(iii) applicable to Lutcher, the 20-year statutory minimum was triggered if the defendant was convicted of an offense involving 50 grams or more of cocaine base and had a prior conviction for a felony drug offense. In light of the jury finding that the offense involved 50 grams or more of cocaine base and the judicial finding that Lutcher had a prior felony conviction for a drug offense, he is subject to the 20-year statutory minimum sentence. While the Fair Sentencing Act of 2010 (FSA) increased "the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams" and "from 50 grams to 280 grams," *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012), the FSA does not apply to Lutcher, who was sentenced prior to its effective date and who seeks a sentence

No. 15-31050

reduction after that effective date, *see United States v. Kelly*, 716 F.3d 180, 181-82 (5th Cir. 2013).

Because the 240-month statutory minimum is greater than the 121- to 151-month guidelines imprisonment range that results from the application of Amendment 782, the district court correctly determined that the statutory minimum is Lutcher's guidelines sentence and that he was ineligible for a further reduction. *See* U.S.S.G. § 5G1.1(b); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Because this appeal does not involve a nonfrivolous issue, *see Howard*, 707 F.2d at 220, Lutcher's IFP motion is denied, and the appeal is dismissed as frivolous, *see Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.