# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30995
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN LUTCHER, also known as Mel, also known as Big Mel,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-2

Before SMITH, GRAVES, and HO, Circuit Judges
PER CURIAM:*

Melvin Lutcher, federal prisoner # 21092-034, moves to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. The district court denied Lutcher's motion and certified that the appeal was not taken in good faith. By moving for IFP status, Lutcher is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30995

Lutcher's motion to reconsider was not filed within the 14-day period for filing a notice of appeal and therefore did not extend the time for filing a notice of appeal. *See United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995). But because the applicable time limit is not jurisdictional, we pretermit any issue concerning the timeliness of Lutcher's motion to reconsider or his notice of appeal. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

On appeal, Lutcher has failed to show that the district court abused its discretion by concluding that Amendment 794 is not retroactively applicable and denying § 3582(c)(2) relief. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S.S.G. § 1B1.10(d), p.s. Because the denial was not based on a finding that Lutcher was subject to the statutory minimum sentence, his efforts to relitigate the issue are not cognizable at this stage. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *cf. United States v. Lutcher*, 653 F. App'x 237, 238 (5th Cir. 2016). Furthermore, because the district court did not rely on outside evidence, Lutcher has not shown that he was deprived of notice and an opportunity to respond or that the district court should have held a hearing. *See United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995).

In light of the foregoing, Lutcher has not shown that the instant appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.