**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1009n.06

No. 11-4423

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 13, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| ANTHONY STANLEY, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before: MERRITT, MOORE, and McKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Anthony Stanley pleaded guilty to one count of distribution of cocaine base ("crack cocaine") and one count of possession with intent to distribute crack cocaine. Stanley was sentenced in 2008 to a statutory mandatory-minimum sentence of 240 months of imprisonment. In 2011, he filed a motion to have his sentence reduced under 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010 ("FSA").

The district court concluded that Stanley was ineligible for the reduction. As explained below, we agree. Stanley's sentence was based on a statutory mandatory minimum and not the Sentencing Guidelines; therefore, he is ineligible for a modification of his sentence under § 3582(c). Furthermore, the FSA does not apply to offenders who were sentenced prior to its enactment; thus, the FSA does not apply to Stanley. Accordingly, we **AFFIRM.**

## I. BACKGROUND

On November 16, 2006, Stanley pleaded guilty to one count of distribution of crack cocaine (Count 1) and one count of possession with intent to distribute crack cocaine (Count 2), both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[1]  Pursuant to a plea agreement, Stanley agreed to be held responsible for 52.61 grams of crack cocaine in Count 1 and 56.01 grams in Count 2—a total of 108.62 grams.

At sentencing on February 1, 2008, Stanley's Guidelines range for Counts 1 and 2 was initially determined to be 210 to 262 months.  At that time, an offender who possessed or sold more than fifty grams of crack cocaine and had a prior felony drug conviction was subject to a statutory mandatory minimum of 240 months.  21 U.S.C. § 841(b)(1)(A) (2006) (amended 2010).  Stanley possessed and sold more than fifty grams of crack cocaine and had a prior felony drug conviction. Therefore, the lower end of Stanley's Guidelines range became the statutory minimum, and the district court imposed a sentence of 240 months of imprisonment for Counts 1 and 2.

On August 3, 2010, the President signed the FSA into law.  The Act raised the triggering amounts of crack cocaine for mandatory-minimum sentences such that if Stanley were sentenced today, the mandatory minimum would be 120 months of imprisonment.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010); 21 U.S.C. § 841(b)(1)(B).  Conforming amendments to the Guidelines became effective initially on November 1, 2010, and "[a] permanent

---

[1]Stanley also pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  His 120-month concurrent sentence for that charge is not challenged on this appeal.

version of those Guidelines amendments took effect on November 1, 2011." *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012).

On November 4, 2011, Stanley filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the FSA. The district court described the thrust of Stanley's argument:

> Although Defendant does not spell out his argument, the Court understands it to be the following. When Defendant was sentenced in 2008, the statutory mandatory minimum for the amount of crack he possessed was 240 months. As a result of the Fair Sentencing Act, which Congress passed in 2010, the statutory mandatory minimum was reduced to 120 months. The U.S. Sentencing Commission Guidelines Amendment, which went into effect on November 1 of this year [2011], applies retroactively to sentences for crack possession. Defendant's statutory minimum sentence should therefore be reduced retroactively to 120 months.

Dist. Ct. Record ("R.") 93 (Order) (Page ID #85).

The district court denied Stanley's motion, concluding that the U.S. Sentencing Commission's recent amendments apply only to sentences based on the Guidelines ranges and not those based on statutorily mandated minimums. Stanley timely filed this appeal.

## II. ANALYSIS

### A. Standard of Review

"Normally, we review a district court's decision on whether to reduce a defendant's sentence under 18 U.S.C. § 3582 for abuse of discretion." *United States v. Hameed*, 614 F.3d 259, 261-62 (6th Cir. 2010). But when, as in Stanley's case, a district court rules that a defendant is ineligible for a sentence reduction, we review that question of law de novo. *Id.*; *United States v. Johnson*, 569 F.3d 619, 622-23 (6th Cir. 2009).

**B. Eligibility for a Reduction Under 18 U.S.C. § 3582**

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A sentence can be modified, however, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient." *Hameed*, 614 F.3d at 262. In these cases, the district court engages in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, --- F.3d ---, No. 10-3862, 2012 WL 3538238, at *4 (6th Cir. 2012).

To determine whether a sentence is based on a Guidelines range promulgated by the Sentencing Commission or a different sentencing scheme, we engage in a "fact-driven, common-sense inquiry about whether a sentence is 'derived exclusively' from a particular sentencing scheme." *McClain*, 2012 WL 3538238, at *4 (citing *Hameed*, 614 F.3d at 265). In the case at hand, there is no dispute that Stanley's sentence was based on a statutory mandatory minimum and not on the Guidelines. The district court informed Stanley that 240 months was the "minimum under the law," and Stanley acknowledges that the amount of crack cocaine he possessed "triggered a mandatory sentence." Dist. Ct. R. 78 (Sentencing Hr'g Tr. at 10) (Page ID #212); Appellant Br. at 4. Therefore, Stanley's sentence could not have been based on a sentencing range that the

Sentencing Commission subsequently lowered because his sentence was based on a statutory mandatory minimum, namely 21 U.S.C. § 841(b)(1)(A) (2006) (amended 2010).

Because Stanley failed to meet part one of the 18 U.S.C. § 3582(c) eligibility inquiry, we will not address part two—whether a reduction would be consistent with the Sentencing Commission's policy statement.

**C. Whether the FSA Applies Retroactively to Stanley**

As explained by the district court, Stanley argues that the FSA should apply retroactively to reduce his sentence to 120 months. The FSA does not, however, apply retroactively to defendants who were sentenced prior to August 3, 2010. Stanley was sentenced on February 1, 2008; therefore, the FSA does not apply.

In the case of new statutory penalties, the general savings statute, 1 U.S.C. § 109, requires that we apply the penalties in place at the time the offender "commits the underlying conduct that makes the offender liable," unless the new penalties expressly or impliedly provide for their retroactive application. *Dorsey v. United States*, 132 S. Ct. 2321, 2331-32 (2012). Although the FSA does not contain an express retroactivity statement, the Supreme Court recently determined that Congress intended some retroactive application of the FSA. *Id.* at 2335. *Dorsey* held that the FSA's more lenient mandatory-minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but who are sentenced after that date. *Id*. The decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010. In fact, the Court explained that the normal practice of the federal sentencing is "to apply new

penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id*.

Stanley has not identified anything that would lead us to conclude that Congress intended the FSA to apply to defendants sentenced prior to its enactment.[2] Therefore, under the general savings statute, the FSA does not apply to Stanley because he was sentenced more than two years before its enactment. The district court correctly decided that Stanley was not eligible for a sentence reduction. We **AFFIRM.**

---

[2]Stanley cites *United States v. Shull*, 793 F. Supp. 2d 1048 (S.D. Ohio 2011), as support for applying the FSA retroactively to him. His reliance is misguided. *Shull* did not address whether the FSA applies retroactively to all sentenced offenders; rather, the district court addressed the same issue as in *Dorsey*—whether the FSA "applies to defendants who committed an offense before the FSA was enacted, but who are sentenced after." *Id.* at 1057.