NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1093n.06

No. 11-6432

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Oct 22, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| STEPHON MUNDY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Stephon Mundy, a pro se federal prisoner, appeals a district court's order granting his motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582(c)(2).

Mundy pleaded guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (count one), possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (count two), and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (count four). The district court sentenced Mundy on August 25, 2005, to 151 months of imprisonment for counts one and two; sixty months of imprisonment on count four (to run consecutive to the 151 months); and ten years of supervised release. We affirmed Mundy's convictions on direct appeal. *United States v. Douglas*, 242 F. App'x 324, 326 (6th Cir. 2007).

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

In August 2008, in light of a retroactive change in the United States Sentencing Guidelines, the district court sua sponte reduced Mundy's sentence to 121 months of imprisonment on counts one and two, plus the sixty consecutive months on count four. In October 2011, Mundy filed a letter with the United States District Court for the Eastern District of Kentucky. The district court construed the letter as a section 3582(c)(2) motion to reduce Mundy's sentence, summarily granted the motion, and reduced Mundy's sentence to 120 months of imprisonment on counts one and two, the applicable statutory mandatory minimum, plus the sixty consecutive months previously imposed for count four.

On appeal, Mundy argues that the district court should have applied the Fair Sentencing Act of 2010, Pub. L. No. 11-220, 124 Stat. 2372, retroactively to his case, thereby lowering the applicable statutory minimum.

The district court's order is reviewed de novo. *United States v. Hameed*, 614 F.3d 259, 261–62 (6th Cir. 2010); *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). The Act became effective August 3, 2010, and raised the threshold amounts of crack cocaine needed to trigger imposition of certain statutory mandatory minimum sentences. *See, e.g.*, *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1706 (2011). However, we have repeatedly rejected the assertion that the Act applies retroactively to sentences imposed prior to the Act's effective date. *See, e.g.*, *United States v. Marrero*, 651 F.3d 453, 475 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1042 (2012); *Carradine*, 621 F.3d at 580.

The Supreme Court recently held that the Act applies to all offenders sentenced after the Act's effective date, even if their crimes were committed prior to that date. *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012). Mundy does not dispute that his sentence was imposed prior

to the Act's effective date. Accordingly, he has not shown that the district court erred in declining to apply the Act.

The district court's order is affirmed.