*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0096p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

      *v.*

                         No. 12-5522

DERRICK HAMMOND,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:07-cr-00093-1—John G. Heyburn, II, District Judge.

Decided and Filed:  April 5, 2013

Before:  BOGGS, NORRIS, and GIBBONS, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Frank W. Heft, Jr., Patrick J. Bouldin, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Monica Wheatley, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

PER CURIAM.  Derrick Hammond, a federal prisoner, appeals the judgment of the district court granting his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2).  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

In 2007, a federal jury found Hammond guilty of possession with intent to distribute cocaine base.  A presentence report noted that the mandatory minimum term was 120 months and calculated Hammond's total offense level as 34 and his criminal

history category as II, resulting in a guidelines range of imprisonment of 168 to 210 months.  At sentencing, the district court determined that a two-level enhancement for possession of a firearm did not apply and that category II overrepresented Hammond's criminal history.  Based on a total offense level of 32 and a criminal history category of I, the district court considered a range of imprisonment of 121 to 151 months.  On February 25, 2008, the district court entered judgment against Hammond, imposing a 121-month sentence.

In January 2012, Hammond filed a pro se motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act ("FSA") of 2010, arguing that he was eligible for resentencing.  The FSA, which became effective August 3, 2010, amended several statutes to increase the amount of cocaine base necessary to trigger mandatory minimum sentences.  Pub. L. No. 11–220, 124 Stat. 2372 (2010).  As a result, the Sentencing Commission enacted amendments realigning the base offense levels to conform to the revised penalties, which were made retroactive on November 1, 2011.  *See* USSG App. C, Amends. 750, 759.

The Probation Office analyzed the retroactive application of the FSA amendments and advised that Hammond's total offense level should be reduced by two levels to level 30, resulting in a guidelines range of imprisonment of 120 to 135 months.  Based on the amended guidelines range, and the mandatory minimum of 120 months, the district court proposed an amended judgment of 120 months.  Hammond did not object.  The district court granted Hammond's motion for reduction of sentence and reduced his 121-month sentence to a term of 120 months.

On appeal, Hammond asserts that the district court should have applied the FSA's amended mandatory minimum sentences and reduced his sentence to a term of 60 months.  He argues that the Supreme Court's decision in *Dorsey v. United States*, __U.S. __, 132 S. Ct. 2321 (2012),—which held, in the context of a direct appeal, that the mandatory minimums of the FSA apply to offenders who committed their offenses prior to the effective date of the FSA, but who were sentenced after the effective

date—should also apply to defendants who seek reduction of their sentence after the Act's effective date.

Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). A sentence may be reduced under § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission, however, must first incorporate an amendment to a guideline sentencing range into its policy statement, found at U.S. Sentencing Guidelines § 1B1.10, before a court may reduce a term of imprisonment based on that new guideline range. *See id.* When modifying a sentence, a court should substitute only the retroactive amendment and then leave all original guidelines determinations in place. *See Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011).

Here, the district court recalculated Hammond's sentence with respect to all applicable retroactive amendments when it reduced his term of imprisonment from 121 to 120 months. Because Hammond's sentencing range—the 120-month mandatory minimum—has not "subsequently been lowered by the Sentencing Commission," and was not an amendment incorporated into the Sentencing Commission's policy statement, the district court had no authority to further reduce his sentence under § 3582(c)(2) to the new 60-month mandatory minimum promulgated by the FSA. Therefore, the district court did not err by reducing his sentence to 120 months.

Further, despite Hammond's claim that the holding of *Dorsey* should extend to sentence reduction proceedings, *Dorsey* itself disfavors such an application in the context of § 3582. In *Dorsey*, the Supreme Court stated that, "in federal sentencing *the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.*" *Dorsey*, 132 S. Ct. at 2335 (emphasis added) (citing 18 U.S.C. § 3553(a)(4)(A)(ii) and § 3582(c)). Moreover, we

have rejected Hammond's *Dorsey* argument, *see United States v. Stanley*, No. 11-4423, 2012 WL 4014932, at *3 (6th Cir. Sept. 12, 2012), and have confirmed, even in light of *Dorsey*, that the FSA is not retroactive to defendants like Hammond whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date. *See United States v. Mundy*, 486 F. App'x 598 (6th Cir. 2012); *United States v. Finley*, 487 F. App'x 260, 265–67 (6th Cir. 2012); *see also United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

The judgment of the district court is affirmed.