NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0451n.06

No. 12-6020

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

*May 06, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| HOWARD THOMAS GOOCH, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |

Before:  GRIFFIN and KETHLEDGE, Circuit Judges; ZATKOFF, District Judge.[*]

KETHLEDGE, Circuit Judge.  In June 2008, Howard Gooch pled guilty to distributing or possessing with intent to distribute powder cocaine and crack cocaine.  *See* 21 U.S.C. § 841(a)(1), (b)(1)(A).  Gooch's Guidelines range under the crack provision of the Sentencing Guidelines—§ 2D1.1—was 87 to 108 months.  But Gooch's drug quantity—62.5 grams of crack—made him subject to a mandatory-minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A).  Gooch's Guidelines sentence was therefore 120 months.  Accordingly, the district court sentenced Gooch to 120 months.

Congress thereafter passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which lowered the statutory penalties for crack offenses under § 841 and directed the

---

[*]The Honorable Lawrence P. Zatkoff, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Sentencing Commission to make amendments to the Guidelines in accordance with these statutory changes. The Commission followed suit, promulgating Amendments 750 and 759. Amendment 750 lowered the base-offense levels for crack offenses in Guidelines § 2D1.1. *See* U.S.S.G. Supp.App. C, amend. 750. Amendment 759 made Amendment 750 retroactive. *See* U.S.S.G. Supp.App. C, amend. 759.

Gooch filed this 18 U.S.C. § 3582(c)(2) motion based on the belief (mistaken or not) that the Act would lower his mandatory-minimum (and thus his Guidelines range) if applied to him. The district court disagreed and denied the motion, holding that the Act did not reduce Gooch's 120 month mandatory-minimum for Gooch's offense, and thus did not affect his Guidelines range.

On appeal, Gooch argues that the rationale of *Dorsey v. United States*, 132 S. Ct. 2321 (2012), extends to his case. In *Dorsey*, the Court held that the Act's "more lenient penalties" applied to any defendant who was sentenced after the Act took effect, *i.e.*, after August 3, 2010. *Id.* at 2335. Gooch was sentenced on October 3, 2008, which means that per *Dorsey*'s terms the Act does not reduce his mandatory-minimum sentence. Gooch argues that we should apply the Act to defendants sentenced before the Act's effective date (as he was) in order to avoid sentencing disparities between those defendants and defendants sentenced after the Act's effective date. But the Court itself rejected this argument in *Dorsey*, when it "conclude[d] that this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) cannot make a critical difference." *Id*. Thus, the Court's opinion forecloses Gooch's argument here. *See also United States v. Hammond*, ___ F.3d ___, 2013 WL 1363908 (6th Cir. 2013)(per curiam).

The district court's order denying Gooch's § 3582(c)(2) motion is affirmed.