NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0490n.06

No. 12-3924

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 15, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| DWAYNE A. MOODY, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  DAUGHTREY, ROGERS, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Dwayne A. Moody appeals the district court's order finding him ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  He pled guilty to a cocaine-related offense and was sentenced to 71 months in prison.  Unfortunately for Moody, he is ineligible for a sentence reduction, so we affirm.

**I.  Background**

In 2008, Moody pled guilty to conspiracy to possess with intent to distribute 123.9 grams of cocaine powder and 127.3 grams of crack cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) (2008).  Due to the amount of crack, he was subject to a mandatory minimum sentence of 120 months.  *See id.* § 841(b)(1)(A)(iii).  At his sentencing hearing, the district court, after apparently determining that the appropriate base offense level was 30, applied a 3-level downward adjustment for acceptance of responsibility and awarded a 3-level downward departure pursuant to the

government's substantial assistance motion brought under U.S.S.G. § 5K1.1.  The resulting total offense level was 24, which when combined with Moody's criminal history category of II yielded a guideline range of 57 to 71 months.  Moody was sentenced to 71 months in prison.  Although he was subject to a 120-month mandatory minimum sentence, the government's substantial assistance motion was apparently intended to authorize the court to depart from the minimum.[1]

In 2010, Congress enacted the Fair Sentencing Act, which increased the amount of crack needed to trigger mandatory minimum sentences.  *See* 124 Stat. 2372 (2010).  In accordance with instructions in the Act, the Sentencing Commission passed Amendment 750 to the Sentencing Guidelines, which reduced the base offense levels for crack cocaine offenses.  Amendment 759 made the changes in Amendment 750 retroactive.

In 2012, Moody filed a motion requesting a sentence reduction in light of the amended Guidelines.  The judge who sentenced Moody having assumed senior status, Moody's case was assigned to a different judge.  That judge denied the motion, finding that Moody was ineligible for a reduction because he was subject to a mandatory minimum sentence.  Moody appealed.

---

[1]Technically, § 5K1.1 only allows the court to depart from the guideline range; 18 U.S.C. § 3553(e) authorizes the court to depart from the mandatory minimum.  *Melendez v. United States*, 518 U.S. 120, 124 (1996).  Although the statutory provision was never mentioned at the sentencing hearing, it appears the government intended to authorize the court to depart from the mandatory minimum.  *See id.* at 126 n.5 (stating that "an express reference to § 3553(e) is not necessarily required before a court may depart below the statutory minimum" as long as the government "in some way indicate[s] its desire or consent that the court depart below the statutory minimum").

## II. Analysis

## A. Eligibility for a Reduction

We review *de novo* a district court's conclusion that a defendant is ineligible for a sentence reduction. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012).

A district court generally cannot modify a sentence of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010). However, there is an exception to the general rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In short, to determine whether Moody is eligible for a sentence reduction we must answer two questions: (1) was his sentence "based on" a sentencing range that has been lowered by Amendment 750; and (2) would a sentence reduction comply with the applicable policy statements? We answer the first question "yes" but the second "no."

*1. "based on" inquiry*

To ascertain whether a sentence was "based on" a sentencing range that was subsequently lowered, we are bound by *United States v. Hameed*, 614 F.3d 259 (6th Cir. 2010), which requires us to "look to what the district court actually said and did at the original sentencing" to determine "whether the original sentence was, *in fact*, based on such a range." *See id.* at 264 (quotations omitted). Here, the district court exclusively discussed the guideline range, and it never mentioned the mandatory minimum sentence. Amendment 750 reduced Moody's guideline range from 57-71

months to 46-57 months. Clearly, then, Moody's sentence was "based on" a sentencing range that was subsequently lowered.

### 2. policy statement inquiry

But even though Moody's sentence was "based on" a sentencing range that was subsequently lowered, a sentence reduction must still comply with the Sentencing Commission's policy statements. One applicable policy statement says that a sentence reduction is not allowed if the relevant amendment "does not have the effect of lowering the defendant's *applicable guideline range*." *See* U.S.S.G. § 1B1.10(a)(2)(b) (emphasis added). The Guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." § 5G1.1(b). We have repeatedly said that "where a mandatory minimum sentence applies that exceeds the otherwise applicable guideline range, the mandatory minimum sentence becomes the applicable guideline range." *United States v. Williams*, No. 12-3353, 2013 WL 331579, at *5 (6th Cir. Jan. 30, 2013); *see also McClain*, 691 F.3d at 779-80 ("The Sentencing Commission's policy statements explicitly provide that the mandatory minimum becomes a defendant's applicable range."); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces that Guidelines range."); *cf. Hameed*, 614 F.3d at 268 ("[T]he guideline range resulting from [the] base offense level was not 'applicable' because it was not the correct point from which the departure should have been measured.").

Since the 120-month mandatory minimum sentence was greater than the guideline range, the mandatory minimum became the "applicable guideline range" for purposes of U.S.S.G.

§ 1B1.10(a)(2)(B). The Sentencing Commission, of course, has no power to reduce a mandatory minimum sentence set by Congress, and Amendment 750 has no effect on the mandatory minimum for Moody's crime. Therefore, Moody is ineligible for a sentence reduction under § 3582(c)(2) because a reduction would be inconsistent with an applicable policy statement.[2] Furthermore, the Fair Sentencing Act does not apply retroactively to reduce the mandatory minimum for Moody's crime because he was sentenced before the Act's effective date. *See United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013) (per curiam).

Of course, this analysis likely provides little consolation to Moody, given that the district court never mentioned the mandatory minimum sentence during his sentencing hearing, and it certainly must have appeared to him that the mandatory minimum played no role in his sentence. In fact, the district court made two major mistakes while sentencing Moody. After determining the guideline range based on Moody's total offense level, his criminal history category, and his assistance to the government, the court should have recognized that because the mandatory minimum was greater than the top of that guideline range, it necessarily became the new guideline range. *See*

---

[2]After briefing was complete, Moody sent us a letter contending that a recent case from a sister circuit found defendants eligible for a reduction on "the exact same facts" as his case presents. *See United States v. Wren*, 706 F.3d 861 (7th Cir. 2013). But Moody has ignored a crucial distinction between his case and *Wren*. The original guideline ranges of the defendants in *Wren* were *greater* that the applicable mandatory minimum. *See id.* at 862. Therefore, in *Wren* the mandatory minimum did not become the "applicable guideline range," and the defendants were eligible for a sentence reduction. *See id.* at 864. The Seventh Circuit explicitly recognized that defendants whose original guideline ranges were *lower* than the mandatory minimum are not eligible for a reduction. *See id.*; *see also Williams*, 2013 WL 331579 at *6. If Moody's original guideline range had been greater than the mandatory minimum, he too might be eligible for a reduction. But it wasn't, and he isn't.

U.S.S.G. §§ 1B1.1(a)(8); 5G1.1(b). If appropriate, the court should then have departed downward from the mandatory minimum under 18 U.S.C. § 3353(e). *See United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002). When determining the extent of the departure, the court should not have been influenced by Moody's acceptance of responsibility but instead should have based the departure solely upon the value of Moody's assistance to the government. *See United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004); *see also United State v. Williams*, 687 F.3d 283, 286 (6th Cir. 2012). Because the district court ignored the mandatory minimum and granted a 3-level downward adjustment for Moody's acceptance of responsibility, Moody actually benefitted from these errors. Most importantly, these errors do not change the fact that the mandatory minimum was still legally the "applicable guideline range," and Moody is accordingly ineligible for a reduction.

Moody points out that since the mandatory minimum was never mentioned at his sentencing hearing, it was not entirely accurate for the district court to say in its order denying his motion for a sentence reduction that "[Moody's] guideline range was determined pursuant to 5G1.1(b) of the U.S.S.G.," which provides that when a mandatory minimum exceeds the guideline range the mandatory minimum becomes the guideline sentence. Moody argues that the guidelines are advisory, the district court chose not to apply § 5G1.1(b), and therefore it cannot be applied now. For support, he points to the rule that in determining whether a defendant is eligible for a sentence reduction, the court can only "determine the amended guideline range that would have been applicable" and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). He maintains that it is improper for us now to apply § 5G1.1(b) when it was apparently not applied during his original sentencing.

But the district court's failure to invoke § 5G1.1(b) while sentencing Moody is irrelevant. A mandatory minimum sentence is most assuredly not advisory, even if the guideline provision directing the court to apply it is. *See Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012) (stating that federal sentencing statutes "trump[] the Guidelines"). Under the statute in effect at the time, Moody was subject to a mandatory minimum sentence which became his "applicable guideline range" by operation of law, and no mistake by the district court can alter this reality. Moody has already benefitted once from the district court's sentencing errors. To grant him a sentence reduction now would enable him to benefit twice from those same errors.

## B. Factual Errors

Finally, Moody argues that we should remand this case since in its order denying his motion for a sentence reduction the district court made several factual misstatements. Both parties recognize that factual misstatements were made, primarily because Moody made them in his motion and the government repeated them in its response. But correcting these misstatements would not render Moody eligible for a sentence reduction, so a remand would be pointless.

### III. Conclusion

Because Moody's "applicable guideline range" was the mandatory minimum, it was not reduced by Amendment 750, and the district court was correct to find him ineligible for a sentence reduction. We therefore **AFFIRM** the district court's order.