**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0743n.06

No. 12-5732

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Aug 12, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CESAR ADOLFO GASPAR, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | **OPINION** |

BEFORE: GIBBONS and STRANCH, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Cesar Adolfo Gaspar appeals the district court's order denying him a sentence reduction under 18 U.S.C. § 3582(c)(2).

In 2008, Gaspar pled guilty to six counts of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on his total offense level of 29 and his criminal history category of III, Gaspar's guidelines range of imprisonment was 108 to 135 months. He was subject, however, to a 120-month statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Thus, his applicable guidelines range was 120 to 135 months. The district court sentenced Gaspar to concurrent prison terms of 120 months.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

The Fair Sentencing Act of 2010 (FSA) increased the amount of crack cocaine necessary to trigger mandatory minimum sentences under § 841(b) and instructed the U.S. Sentencing Commission to amend the guidelines accordingly. After the FSA's enactment, the United States Probation Office prepared a memorandum concerning Gaspar's eligibility for a reduced sentence. The office determined that, under the amended guidelines, Gaspar's total offense level was 27 and that, absent the statutory minimum sentence, his amended guidelines range would be 87 to 108 months. The office further determined, however, that Gaspar was subject to the 120-month statutory minimum sentence, not the 60-month sentence that he would have received under the FSA, resulting in an amended guidelines range of 120 months. The office concluded that Gaspar was not eligible for a reduced sentence because the amendments to the guidelines did not lower his applicable guidelines range. The district court denied Gaspar a sentence reduction for the reasons stated in the probation office's memorandum.

On appeal, Gaspar argues that the district court erred by finding that he was ineligible for a reduced sentence. He asserts that, based on the rationale of *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the court should have retroactively applied the 60-month statutory minimum sentence that he would have received under the FSA and concluded that his amended guidelines range was 87 to 108 months, rendering him eligible for a reduced sentence.

We review de novo a district court's conclusion that a defendant is ineligible for a sentence reduction under § 3582(c)(2). *United States v. McClain*, 691 F.3d 774, 776-77 (6th Cir. 2012). A district court may reduce a sentence under § 3582(c)(2) only where the sentence was based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission and a

reduction is consistent with applicable policy statements issued by the Commission. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). One such policy statement prohibits a court from reducing a sentence to a term that is less than the minimum of the amended guidelines range unless the original sentence included a downward departure for substantial assistance. *See* USSG § 1B1.10(b)(2)(A)–(B).

Gaspar was not eligible for a sentence reduction under § 3582(c)(2) because the district court was not authorized to reduce his sentence below the 120-month statutory minimum sentence that became his amended guidelines range. *See* USSG § 1B1.10(b)(2)(A); *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010). Further, we have rejected Gaspar's argument that, under *Dorsey*, the lower statutory minimum sentences promulgated by the FSA should apply in sentence reduction proceedings involving defendants who were originally sentenced before the FSA's effective date. *See United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013) (per curiam).

Accordingly, we affirm the district court's order.