COLE, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in the result, but write separately because I would resolve this case on narrower grounds.
Let me begin by noting that I agree with the lead opinion on a major premise: the Prisoner’s sentence was “based on” a subsequently lowered guidelines range rather than a statutory mandatory minimum. The record reveals that the crack-cocaine guidelines were “a relevant part of the analytic framework the [district court] used to determine” the extent of the substantial-assistance departure. See Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2692-93, 180 L.Ed.2d 519 (2011) (plurality opinion). Indeed, it is possible to draw a line from the Prisoner’s final sentence back to those guidelines in light of the pierced mandatory minimum. I diverge with the lead opinion, however, on how far we go from there.
I would look no further than the Prisoner’s substantial assistance. In my view, this additional variable makes all the difference^ — and it sets our case apart from United States v. Hammond, 712 F.3d 333 (6th Cir.2013). Under Hammond, a defendant facing a mandatory minimum term is ineligible for a sentence reduction because the mandatory minimum trumps the original guidelines range, which prevents Amendment 750 from having “the effect of lowering” the defendant’s sentence. Id. at 335-36; see U.S.S.G. §§ lB1.10(a)(2)(B), 1B1.10 cmt. 1(A). But the Prisoner is not facing a mandatory minimum term. Though presumptively subject to one, he received a lower sentence pursuant to the government’s substantial-assistance motion. See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. This motion effectively “waived” the mandatory minimum and permitted the district court to impose a sentence based on his otherwise-applicable guidelines range. See U.S.S.G. § 2D1.1 cmt. 23. Without a mandatory minimum at work, nothing prevents Amendment 750 from having “the effect of lowering” the sentence the Prisoner did receive. Thus, I would hold only that a crack offender who is otherwise subject to a mandatory minimum but receives a lower sentence because he rendered substantial assistance to the government remains eligible for a sentence reduction under § 3582(c)(2). I follow at least two of our sister circuits in adopting this view. See In re Sealed Case, 722 F.3d 361 (D.C.Cir.2013); United States v. Savani, 733 F.3d 56, 2013 WL 2462941 (3d Cir. Jun. 10, 2013).
Resolving our case on the foregoing grounds obviates the need to delve any further into the controversy surrounding the retroactive application of the Fair Sentencing Act. Had the Prisoner not received a downward departure for substantial assistance, his sentence clearly would have been “based on” the mandatory minimum *529 rather than the crack-cocaine guidelines, and the old-or-new mínimums question would have become unavoidable. This, of course, is a profoundly difficult and divisive question. It is also one we are set to answer soon enough sitting as an en banc court. I believe it is best to wait until then.