*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0270p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
———————————

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

                                                              No. 12-6495

    *v.*

GREGORY A. BELL,
                              *Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Western District of Kentucky at Owensboro.
No. 4:03-cr-00009-001—Joseph H. McKinley, Jr., Chief District Judge.

Decided and Filed:  September 10, 2013

Before:  SILER and COLE, Circuit Judges; DOWD, District Judge.[*]

———————————

## COUNSEL

**ON BRIEF:** Frank W. Heft, Jr., Patrick J. Bouldin, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

    SILER, J., delivered the opinion of the court, in which COLE, J., and DOWD, D. J., joined.  COLE, J. (pg. 6), delivered a separate concurring opinion.

———————————

## OPINION

———————————

    SILER, Circuit Judge.  Defendant Gregory Bell appeals the district court's denial of a sentence modification pursuant to 18 U.S.C. § 3582(c)(2).  In 2003, Bell pled guilty to possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug crime, and possession of marijuana.  After passage of the Fair

———————————

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1

Sentencing Act in 2010 ("FSA"), Bell moved for a sentence modification under § 3582(c)(2). The district court ruled that he was ineligible under the statute because his sentencing range, which was based on the mandatory minimum, had not changed. We **AFFIRM** the district court's order in accordance with *United States v. Hammond*, 712 F.3d 333 (6th Cir. 2013).

## I.

In 2003, Bell entered into a Rule 11(c)(1)(B) plea agreement. He admitted his guilt to possession with intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and possession of marijuana in violation of 21 U.S.C. § 844. He agreed to a crack quantity of 124.7 grams and to a base offense level of 32. With a three-point acceptance of responsibility reduction, he had a total offense level of 29. His criminal history category of II produced a Guidelines range of 97 to 121 months, but Bell's drug quantity called for a mandatory minimum sentence of 120 months, converting his range to 120 to 121 months. *See* 21 U.S.C. § 841(b)(1)(A)(iii); 18 U.S.C. § 924(c)(1)(A)(i)).

In 2003, the district court sentenced Bell to concurrent terms in prison of 120 months for the crack conviction and twelve months for the marijuana conviction, and a consecutive sixty months for the § 924(c) conviction, for a total sentence of 180 months of imprisonment and a five-year term of supervised release. In 2009, the district court denied Bell a crack cocaine sentence reduction under § 3582(c)(2) pursuant to Amendment 706, which lowered the base offense level for most crack cocaine offenses by two levels, because Bell was still subject to the mandatory minimum term of 120 months. We affirmed.

In August 2010, the FSA, Pub. L. No. 111-220, 124 Stat. 2372, was signed into law. It lowered the statutory penalties for crack offenses under 21 U.S.C. § 841 and directed the Sentencing Commission to amend the U.S. Sentencing Guidelines Manual in accordance with these statutory changes. *See* 124 Stat. 2372. The Commission

followed suit, promulgating Amendments 750 and 759.  Amendment 750 lowered the base offense levels for crack offenses in Guidelines § 2D1.1.  *See* USSG Supp. to App. C, amend. 750.  Amendment 759 made Amendment 750 retroactive.  *See* USSG Supp. to App. C, amend. 759.

After the passage of the FSA, the district court appointed counsel to represent Bell for the purpose of a § 3582(c)(2) proceeding.  It also ordered that counsel be provided with a copy of the Memorandum of Recalculation ("MOR") prepared by the probation office analyzing the application of the amendments to Bell's case.  The MOR assigned Bell a new base offense level of 28, resulting in a total offense level of 25 due to Bell's acceptance of responsibility.  This produced a new Guidelines range on the crack cocaine charge of 63 to 78 months.  The MOR noted that Bell's consecutive sixty-month sentence on the firearm charge would not change.

In response to the MOR, Bell filed an objection, arguing for a sentence reduction to the amended range of 63 to 78 months, to run consecutive to the 60-month gun charge sentence.  The district court overruled his objection and denied a sentence reduction, determining that it had no jurisdiction to grant it.  It held, in reference to the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), that the FSA applied to those offenders who were sentenced after the FSA went into effect, so Bell was not eligible because he was sentenced before its effective date.

## II.

When a district court rules that it has no authority to revisit its sentence under 18 U.S.C. § 3582(c)(2), we review that question of law de novo.  *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

## III.

Bell argues that the holding in *Dorsey* warrants a sentence reduction in his case.  The government counters that Bell's sentence was not based on a sentencing range that the Sentencing Commission subsequently lowered, and, thus, he is not eligible for a sentence modification under § 3582(c)(2).  Although Bell would have been eligible for

a sentence modification under the holding in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), that opinion was recently vacated by our decision to grant an *en banc* hearing.  *See* Order, *United States v. Blewett*, Nos. 12-5226/12-5582 (6th Cir. July 11, 2013); *see also* 6th Cir. R. 35(b).  The issue in this case is now squarely controlled by *Hammond*, where we held that *Dorsey* rejected the argument advanced here by Bell. 712 F.3d at 335–36.

In *Hammond*, the defendant moved for a reduction of his sentence for a crack cocaine offense under § 3582(c)(2) and the FSA, arguing that, under *Dorsey*, he was eligible for re-sentencing because the amended mandatory minimums should apply to all defendants who seek reduction of their sentence after the FSA's effective date.  712 F.3d at 335.  We found that the district court did not err in denying Hammond's motion for sentence reduction "[b]ecause Hammond's sentencing range—the 120-month mandatory minimum—has not 'subsequently been lowered by the Sentencing Commission,' and was not an amendment incorporated into the Sentencing Commission's policy statement."  Ergo "the district court had no authority to further reduce his sentence under § 3582(c)(2) to the new 60-month mandatory minimum promulgated by the FSA."  *Id*. at 335–36.  *Hammond*'s treatment of *Dorsey* is consistent with prior applications of the FSA by this circuit in unpublished cases.  *See United States v. Stanley*, 500 F. App'x 407, 410–11 (6th Cir. 2012); *United States v. Finley*, 487 F. App'x 260, 265–67 (6th Cir. 2012); *United States v. Mundy*, 486 F. App'x 598, 599 (6th Cir. 2012).  Moreover, *Hammond*'s holding is consistent with other circuits' decisions.[1]

---

[1] *See United States v. Reeves,* 717 F.3d 647, 651 (8th Cir. 2013) ("We join the overwhelming majority of our sister circuits and hold that the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)."); *United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013) ("*Dorsey* expressly acknowledged that defendants who committed a crime addressed in the FSA but who were sentenced before the FSA's effective date will be subject to a different result than those who committed the same crime on the same date but were sentenced afterwards."); *United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013) ("[T]he exception outlined in *Dorsey* is limited to sentences imposed post-FSA"); *United States v. Augustine*, 712 F.3d 1290, 1294 (9th Cir. 2013) ("Congress did not, as the General Savings Statute requires, express in the FSA any intention that the new mandatory minimums apply to those sentenced before the effective date of the act."); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (holding defendant sentenced in 2008 "is covered by the pre-2010 version of the cocaine statutes"); *United States v. Fields*, 699 F.3d 518, 522 (D.C. Cir. 2012) ("the FSA is inapplicable to offenders . . . who were sentenced before passage of the statute"), *cert. denied*, 133 S. Ct. 1609 (2013); *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012) (same); *United States v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012) (same), *cert. denied*, 133 S. Ct. 899 (2013).

Here, at Bell's sentencing, the district court determined that his applicable Guidelines range was 120 to 121 months and sentenced him to 120 months of imprisonment. Because of our ruling in *Hammond*, Bell is still subject to the same 120-month mandatory minimum, despite the enactment of the FSA and Amendments 750 and 759 to the Sentencing Manual. Therefore, the district court had no authority to reduce Bell's sentence under § 3582(c)(2) because Bell's sentencing range—the 120-month mandatory minimum—has not "subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**

---

**CONCURRENCE**

---

COLE, Circuit Judge, concurring.  I agree that *United States v. Hammond*, 712 F.3d 333 (6th Cir. 2013), requires us to affirm in this case.  I write separately, however, to note my view that *Hammond* does not foreclose all retroactive applications of the Fair Sentencing Act in § 3582(c)(2) proceedings.  *See United States v. John Doe*, No. xx-xxxx (6th Cir. filed Aug. 27, 2013) (Cole, J., concurring in part and concurring in the judgment).  It only does so for the particular class of crack offenders sentenced to mandatory minimum terms prior to the Act's effective date.  *Hammond*, 712 F.3d at 335-36.  Unfortunately, that is the class to which Bell belongs.