<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0576n.06

No. 13-5172

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 30, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| BRYON S. PARKER, | ) KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: COOK and GRIFFIN, Circuit Judges; RICE, District Judge.[*]

PER CURIAM. Bryon S. Parker, a federal prisoner, appeals a district court order denying his motion to reduce sentence filed pursuant to 18 U.S.C. § 3582(c)(2). Parker entered a guilty plea in 2006 to charges of distribution of cocaine base and possession of cocaine with intent to distribute. Because he had prior state convictions for trafficking cocaine and trafficking within 1000 yards of a school, he was subject to a mandatory minimum sentence of 120 months of imprisonment, which the district court imposed.

In this, his second motion to reduce sentence, Parker argued that the new mandatory minimums of the Fair Sentencing Act (FSA) should apply. The district court determined that it lacked the authority to reduce Parker's sentence on that basis. Parker reasserts his argument on appeal and argues that the failure to apply the new mandatory minimums violates the Equal Protection Clause and the Eighth Amendment. His appeal brief was filed prior to the denial of

[*]The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

certiorari by the Supreme Court in *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 1779 (2014), that is dispositive of his issues.

We review de novo a district court's conclusion that it lacks authority to reduce a sentence under 18 U.S.C. § 3582(c)(2). *United States v. Payton*, 617 F.3d 911, 913 (6th Cir. 2010). Section 3582(c)(2) is a narrow remedy that allows reduction of a sentence only in cases where the Sentencing Commission has lowered the guidelines range. *Blewett*, 746 F.3d at 656; *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). It is therefore inapplicable in this case, which is based on the lowering of the mandatory minimum sentences by Congress. *See United States v. Bell*, 731 F.3d 552, 554-55 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1922 (2014). Therefore, the district court correctly concluded that it lacked authority to reduce Parker's sentence.

The additional arguments raised by Parker on appeal also lack merit. He argues that *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), which held that the FSA applies only to those sentenced after its enactment, is distinguishable because it was a case on direct appeal rather than a motion to reduce sentence. However, it would be illogical to find that a defendant sentenced before the effective date of the FSA could not receive the benefit of the Act, but then allow him to move for a sentence reduction on the same ground. *Cf. Blewett*, 746 F.3d at 658. Parker's arguments raising Equal Protection and Eighth Amendment challenges were also rejected in *Blewett*. *Id.* at 658-60.

Accordingly, the district court's order denying this motion to reduce sentence is affirmed.